```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

LISA C.,

            Plaintiff,

        v.                                    **DECISION AND ORDER**
                                              19-CV-377S

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

        1.        Plaintiff Lisa C.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for supplemental security income under Title XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.        Plaintiff filed an application for supplemental security income ("SSI") under Title XVI of the Act on July 20, 2015. (R.[2] at 83.) Plaintiff alleged disability beginning on July 10, 2006, due to fibromyalgia, PTSD, depression, irritable bowel syndrome, 4 herniated discs in back and neck, chronic fatigue, history of skin cancer, neurogenic bladder, gall bladder problems, and migraine headaches. (R. at 84.) Plaintiff's application was denied. Plaintiff requested a hearing on the denial of her claim before an administrative law judge ("ALJ"). ALJ Lynette Gohr held a hearing on January 5, 2018, at which Plaintiff, represented by her attorney, appeared and testified. (R. at 39-82.) At the

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify plaintiff by his first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

hearing, Plaintiff revised her alleged onset date to July 20, 2015. (R. at 43.) Vocational Expert Timothy Janikowski also appeared and testified by telephone. At the time of the hearing, Plaintiff was 43 years old, with a high school education and some college and prior work experience in food preparation and waitressing. (R. at 184.)

3. The ALJ considered the case de novo and, on March 26, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 15-31.) On January 29, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on March 21, 2019, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 9, 15.) Plaintiff filed a response on February 23, 2020 (Docket No. 16), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a

---

[3] The ALJ's March 26, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since her revised onset date of July 20, 2015. (R. at 17.) At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and stenosis of the cervical spine, with status-post ACDF from C4-6, degenerative disc disease of the lumbar spine, history of migraine headaches, irritable bowel syndrome, neurogenic bladder, right knee chondromalacia, PTSD, and adjustment disorder with agoraphobia. (Id.)

11. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20.C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(c)). (R. at 18.)

12. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the limitations that she can:

> occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds… occasionally stoop, kneel, crouch and crawl… occasionally reach overhead with the bilateral upper extremities and frequently reach in all other directions with the bilateral upper extremities. [She] can frequently push and pull with the bilateral upper extremities. [She] must avoid work at unprotected heights or around dangerous machinery. [She] must avoid work requiring field of vision 15 degrees above or below horizon and 45 degrees left or right of center. [She] must avoid repetitive neck movements, as defined as movements that require essentially the same, repeated neck, motions…in a regular repetitive sequence without an opportunity for a break such as on a production line. … [She] must avoid concentrated exposure to extreme cold, extreme heat, humidity and wetness.  … [A]ll ambulation must be with use of a cane.  [She] is capable of work in a low stress work environment…[with] simple instructions and tasks, no supervisory duties, no independent decision-making, no strict

>      production quotas, and minimal changes in work routine and processes. [She] can have occasional interaction with supervisors, coworkers and the public.

(R. at 21-22.)

13.  At step four, the ALJ found that Plaintiff had no past relevant work. (R. at 29.) At step five, the ALJ found that there was a significant number of jobs in the national economy that Plaintiff could perform. (Id.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 30.)

14.  Plaintiff argues that the ALJ failed to reconcile her assessed ability to occasionally reach overhead with the jobs described the Vocational Expert, all of which require more than occasional reaching according to the Dictionary of Occupational Titles ("DOT"). She also argues the ALJ failed to consider a complete record because it did not obtain medical records that Plaintiff said she would submit but never did. Finally, Plaintiff argues that the ALJ mischaracterized the record as to Plaintiff's activities of daily living, diagnosis of fibromyalgia, willingness to pursue treatment, and the status of her neck post-surgery.

15.  Plaintiff first argues that the ALJ failed to reconcile the restriction to occasional reaching in Plaintiff's RFC with the jobs the VE presented in testimony, all of which require more than occasional reaching. Defendant argues that the VE's consideration of Plaintiff's field-of-vision restrictions sufficiently accounted for any reaching restrictions.

16.  Although a claimant has the burden of showing that she is disabled at steps 1-4, the Commissioner bears the burden of "show[ing] that there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009)

(per curiam). Under a 2000 Ruling by the Social Security Administration ("the Ruling"), in determining whether any particular job can accommodate a claimant's physical limitations, the Commissioner "rel[ies] primarily on the [Dictionary of Occupational Titles] ... for information about the [job's] requirements" but "may also use [vocational experts] ... to resolve complex vocational issues." Lockwood v. Comm'r of Soc. Sec., 914 F.3d 87, 91–94 (2d Cir. 2019) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). When an ALJ considers testimony of such experts, she must be alert to the possibility of "apparent unresolved conflict[s]" between the testimony and the Dictionary and has "an affirmative responsibility to ask about any possible conflict," and to "elicit a reasonable explanation for [any such] conflict before relying on the [vocational expert's testimony]." Id.

17.     The Ruling mandates that whenever the Commissioner intends to "rely[ ] on [a] vocational expert's testimony," she must identify and inquire into all those areas "where the expert's testimony seems to ... conflict with the Dictionary." Id. The Ruling thus requires the Commissioner to "obtain a reasonable explanation" for any "apparent"—even if non-obvious—conflict between the Dictionary and a vocational expert's testimony. SSR 00-4p, 2000 WL 1898704, at *2. "Reaching" includes overhead reaching. Selian v. Astrue, 708 F.3d 409, 422 (2d Cir. 2013) (per curiam) (suggesting that the inability to reach above one's head may be inconsistent with a job that requires reaching). "Testimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching,' then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." Lockwood, 914 F.3d at 92.

7

18. Here, the ALJ asked the Vocational Expert whether any jobs existed that could accommodate a limitation to occasional overhead reaching and frequent reaching "In all other directions" and an inability to turn the head past 45 degrees to either side, or above or below 15 degrees, in addition to interpersonal restrictions. (R. at 75.) The VE identified three jobs that, according to him, met this limitation: laminator, dowel inspector, and bench hand. The VE clarified that these jobs would meet Plaintiff's interpersonal restrictions but did not discuss any conflicts regarding Plaintiff's ability to reach, nor did the ALJ address this conflict. (R. at 76.) As Plaintiff argues, the Dictionary definition of each of these jobs requires more than occasional reaching. See Dictionary of Occupational Titles Laminator I #690.685-258 (constant reaching); dowel inspector #669.687-014 (frequent reaching); bench hand #715.684-026 (constant reaching). Plaintiff argues that the ALJ was required to address and receive an explanation for this conflict.

19. Defendant argues that, because the VE considered Plaintiff's field-of-vision restrictions, and explained that the jobs involve work at a station in front of the worker, any reaching limitations were implicitly taken into consideration. (See R. at 77.) But the VE only clarified that Dowel Inspector, a job with 9,000 jobs in the national economy, was limited to work directly in front of the worker. (Id.) The VE did not mention any limitations on the other two jobs. (Id.) Further, this is a post-facto rationalization. As the Second Circuit said in Lockwood, "[w]hile this Court could guess what the three jobs [the VE] identified require in reality, it [was] the [Commissioner's] duty to elicit an explanation … as to whether th[ose] occupations actually require ... overhead reaching." 914 F.3d at 92 (quoting Spears v. Colvin, No. 15-CV-6236, 2016 WL 4973890, at *5 (W.D.N.Y. Sept. 19,

8

2016) (internal quotations omitted)). "Absent such an inquiry, the Commissioner lacks a substantial basis for concluding that no such conflicts in fact exist." Id. Remand is warranted for further proceedings so that the Commissioner may conduct this inquiry.

20.     Plaintiff also argues that the ALJ erred in failing to request and consider records from Dr. Hamill, who performed Plaintiff's cervical surgery. Plaintiff argues that, even after keeping the record open for additional time for Plaintiff to obtain these records, the ALJ had a further obligation to independently obtain these records. Because remand is warranted on other grounds, this Court will not consider this argument here. On remand, the parties shall work together to identify and obtain any needed medical records.

21.     Plaintiff also argues that the ALJ mischaracterized the record, particularly regarding her diagnosis of fibromyalgia. This Court will not consider this argument here. On remand, the ALJ shall fully consider the record and address whether it demonstrates a medically determinable impairment of fibromyalgia.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is remanded to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        May 5, 2021
              Buffalo, New York

                                             s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                         United States District Judge